**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40732
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO AGUILAR, also known as
David Fernandez,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-451-1

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The court sua sponte issues this supplemental opinion correcting the initial opinion issued in this case April 19, 2004. For the reasons stated below, we delete the reference in the first sentence of the April 19 opinion to the number of years of supervised release imposed as a part of defendant's sentence; we

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also strike from the opinion the last sentence thereof reading "this action is REMANDED for the sole purpose of allowing the district court to correct the written judgment to reflect that the term of supervised release is two years" and we likewise strike the portion of the direction at the end of the opinion reading "REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT."  In all other respects the opinion of April 19, 2004 remains in effect as issued.

Defendant pleaded guilty to Count 2 of the Indictment which charged him with possession with intent to distribute of "more than 50 kilograms but less than 100 kilograms of marihuana, that is approximately 91 kilograms of marihuana, a Schedule I controlled substance" in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The PSR noted that "since the statute of conviction for the instant offense requires a three-year term of Supervised Release, the Guideline term applicable in this case is three years. U.S.S.G. § 5D1.2(a)(2) and (b)."  No party raised any objection to the statement in the PSR that the mandatory term of supervised release was three years.  At the sentencing hearing on May 8, the district court orally imposed sentence, which included 57 months of confinement followed by two years of supervised release.  The district judge did not then give any reason for imposing two years of supervised release or any indication that he was aware of what the PSR said in this respect; nor did the parties say anything about the term of supervised release.  Section 841(b)(1)(C)

provides for a term of imprisonment of not more than twenty years and also provides "notwithstanding § 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall . . . impose a term of supervised release of at least 3 years in addition to such term of imprisonment. . . ."

As reflected by the docket entry for May 27, 2003, the district court on that day in the presence of the Assistant United States Attorney and the attorney for the defendant informed the parties that the court had erred regarding the supervised release term of two years because the guideline requires a three year supervised release term and that the court would sign a judgment reflecting a three year supervised release term and that there was no objection by the parties. This is confirmed by a written minute entry of May 27, 2003 (which was not included in the record on appeal furnished to this court, but has since been furnished to us by the district clerk's office). The judgment signed by the district court on May 27 and entered in the docket May 28, 2003, reflects a term of three years of supervised release. As noted, this is required by 21 U.S.C. § 841(b)(1)(C). This is the case even though the offense of conviction is a Class C felony under 18 U.S.C. § 3559(a)(3) and even though 18 U.S.C. § 3583(b)(2) calls for a term of supervised release of "not more than 3 years" for Class C felonies. The supervised release provisions of 21 U.S.C. § 841(b)(1)(C) apply "notwithstanding section 3583 of Title 18." The provisions of Guideline § 5D1.2(a)(2), stating that for a Class

C felony supervised release term should be two years but not more than three years, is not applicable because subsection (a) is expressly made "subject to subsection (b)." Section 5D1.2(b) provides that "the term of supervised release imposed shall not be less than any statutorily required term of supervised release." We also observe that defendant's notice of appeal, though filed May 15, 2003, did not deprive the district court of authority to take the action it did as reflected in the May 27, 2003 minute entry and the judgment of conviction signed that day and entered May 28, because under Fed. R. App. P. 4(b)(2) a notice of appeal filed after the court announces sentence but before the entry of judgment is treated as filed "on the date of and after the entry."[*]

Our prior opinion of April 19, 2004 is hereby modified as stated in the first paragraph of this supplemental opinion, and, pursuant to our April 19, 2004 opinion so modified, the judgment of the district court is accordingly hereby

AFFIRMED.

---

[*]On our initial consideration of this matter we were misled by the statement made in the brief of appellant and in the brief of appellee, each, that the supervised release was for two years, and neither party makes mention of the three year term stated in the judgment or of the May 27, 2003 minute entry. We observe, however, that the parties were each represented by different counsel on appeal than in the trial court.